# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**VINNIE DUNNELL WILLIAMS,**

      Petitioner,

v.                                         **CIVIL ACTION NO. 3:12cv65**
                                                          **(Judge Groh)**

**R. A. PERDUE, Warden,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On March 30, 2012, the *pro se* petitioner, Vinnie Williams, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241 seeking additional prior custody credit toward his federal sentence. The petition was filed in the United States District Court for New York Western. Because the petitioner is incarcerated at FCI Gilmer, which is located in Glenville, West Virginia, the case was transferred to this court on July 19, 2012. On that same date, the petitioner was sent a Notice of Deficient Pleading advising him that he must resubmit his Petition and Motion for Leave to Proceed *in forma pauperis* on this court's approved forms. On August 6, 2006, the petitioner paid the $5.00 filing fee and submitted his petition on the court approved form. On August 23, 2012, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On September 12, 2012, the respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment and Response. On September 17, 2012, a <u>Roseboro</u> Notice was issued, and on October 5, 2012, the petitioner filed his response which was styled "Motion in Traverse to Prosecutor's

1

Response."

## II. **FACTS**

The petitioner was arrested on May 28, 2008, in Erie County, New York, on state charges for 4th degree criminal possession of a controlled substance, and was released on June 3, 2008.(Doc. 14-1, p. 2). Thereafter, on June 23, 2008, the petitioner was arrested by the Buffalo, New York Police Department for Criminal Possession of a Controlled Substance and was released on June 30, 2008 (Id.).

On October 6, 2008, a Criminal Complaint was filed against the petitioner in the Western District of New York, charging him with Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1); Felon in Possession of a Firearm, in violation of 18 U.S.C.§ 922 (g)(1); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, as a violation of 18 U.S.C.§ 924(c)(1) based upon is May 28, 2008 arrest. On October 31, 2008, a warrant for the petitioner's arrest was executed by the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and he made his initial appearance before a United States Magistrate Judge. A detention hearing was held on December 22, 2008, and the petitioner was detained. On July 7, 2009, the petitioner was sentenced to a two-year term of imprisonment on his state charges. On January 22, 2010, the petitioner was returned to New York state custody to begin serving his state sentence. On December 9, 2010, the petitioner was released from New York state custody and remanded to federal custody. On March 24, 2011, the petitioner was sentenced in federal court to a 69-month term of imprisonment.[1]

The Federal Bureau of Prisons ("BOP") prepared a sentence computation for the petitioner,

---

[1] Support for these statements are contained in the respondent's Exb. 1 (Doc. 14-1) and the six attachments thereto.

based on the 69-month term of imprisonment beginning March 24, 2011, the date his federal sentence was imposed, with prior custody credit from May 28, 2008, to June 3, 2008; June 23, 2008, to June 30, 2008; December 13, 2008, to May 26, 2009; and from December 10, 2010, to March 23, 2011.(Doc. 14-1, p. 2) Based upon this calculation, the petitioner is currently scheduled to be released from BOP custody via Good Conduct Time Release, on June 18, 2015.(Doc. 14-1, pp. 1-2).

## CONTENTIONS OF THE PARTIES

Petitioner makes the following argument in his Application for Habeas Corpus:

(1) He was arrested on an outstanding U.S. Marshall warrant on October 17, 2008, and the BOP has unlawfully denied him credit for time served between October 17, 2008 and January 22, 2010.

(2) He is entitled to 15 months federal credit due to the federal warrant executed against him and "our" verbal agreement that he would remain in federal custody until he resolved the state charges.

(3) The BOP refuses to award him 15 months of federal custody credit due to its misinterpretation of jurisdictional custody.

The Government contends that the petition should be dismissed because:

(1) petitioner is not entitled to any additional prior custody credit because to do so would give him double credit for his detention time.

In his response to the Roseboro Notice, the petitioner appears to argue that the only reason he faced state charges was because the Buffalo Police Department, acting on a federal warrant, illegally searched his car. The respondent continues that were it not for the state charges incurred at the time of the execution of the warrant, there would be no issue of custody or jail time because he would have been initially and solely in the custody of the U.S. Marshals. He further argues that

he was placed in the custody of the US Marshal from October 17, 2008 until January 22, 2009, and there was no interchanging event to signify that his custody had transferred to the state. Finally, he notes that the respondent's argument that he is trying to get credit for time spent in state custody is misplaced because he remained in the custody of the U.S. Marshal. Accordingly, he asserts he cannot be penalized for the oversight of the state awarding him custody credit for the time spent in federal custody.

## IV. Standard of Review

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions"

4

or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit

Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986

## V. ANALYSIS

Review of this petition must start with the basic premise that a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Therefore, the mere fact that a defendant has been sentenced in federal court does not commence his sentence.

The Attorney General, through the Federal Bureau of Prisons, is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

6

(emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, supra at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See U.S. v. Brown, 977 F.2d 574 (4th Cir, 1992)(Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences **unless it has been credited against another sentence**). (emphasis added); U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

Here, the petitioner's federal sentence commenced on the date of imposition, March 24, 2011, because that is the date he was received in custody awaiting transportation to the official detention facility at which his sentence was to be served. In addition, the BOP properly awarded the petitioner prior custody credit toward his federal sentence for the following four periods: (1) May 28, 2008, to June 3, 2008; (2) June 23, 2008, to June 30, 2008; (3) December 13, 2008, to May 26, 2009; and (4) December 10, 2010, to March 23, 2011 because none of these time periods had been credited toward his state sentence.

To the extent that the petitioner argues that he is entitled to prior custody credit for the entire period of October 17, 2008, to January 22, 2009, the same is unavailing. The petitioner was awarded 310 days of jail credit towards his state sentence for the periods from October 17, 2008, through December 12, 2008, and from May 27, 2009 through February 3, 2010. Therefore, pursuant to the provisions of § 3585(b), these time periods cannot also be credited towards his federal sentence. In addition, the BOP did, in fact, award the petitioner credit for time served from December 13, 2008, to May 26, 2009.(Doc. 14-1, p. 23). Therefore, the petitioner has earned the maximum prior custody

credit to which he is entitled under 18 U.S.C. § 3585(b).

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc.13) be **GRANTED**, the petitioner's Motion in Transverse be **DENIED** to the extent that it can be read as seeking affirmative relief, and petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days of being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: October 24, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE