IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**VINNIE DUNNELL WILLIAMS,**

          Petitioner,

**v.**                                 **CIVIL ACTION NO. 3:12-CV-65**
                                           **(JUDGE GROH)**

**R. A. PERDUE, Warden,**

          Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation (R & R) of United States Magistrate Judge John S. Kaull. Magistrate Judge Kaull filed his R & R [Doc. 20] on October 24, 2012.  Petitioner Williams accepted service of the R & R on October 28, 2012 [Doc. 21].  He filed his objections to the R & R on November 7, 2012 [Doc. 22].  Therefore, his objections are timely, and review of the objections is proper.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to review *de novo* those portions of the magistrate judge's findings to which objections are made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are made.  ***Thomas v. Arn***, 474 U.S. 140, 150, 106 S. Ct. 466,  472 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v.***

*Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to the R & R were due within fourteen (14) days after service pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  Petitioner Williams accepted service on October 28, 2012 [Doc. 21].  He timely filed his objections on November 8, 2012 [Doc. 22].  Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objections are made.  The Court will review the remainder of the R & R for clear error.

## I.  <u>Factual Allegations</u>

Petitioner Williams was arrested on May 28, 2008, in Erie County, New York, on state charges for fourth degree criminal possession of a controlled substance and was released on June 3, 2008 [14-1, p. 2].  On June 23, 2008, Petitioner Williams was arrested by the Buffalo, New York Police Department for criminal possession of a controlled substance.  *Id.*  He was released on June 30, 2008.  *Id.*

On October 6, 2008, a Criminal Complaint was filed against Petitioner in the Western District of New York, charging him with Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1); Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1) based upon his May 28, 2008 arrest.  *Id.*  On October 31, 2008, the Bureau of Alcohol, Tobacco, Firearms, and Explosives executed a warrant for Petitioner Williams' arrest, and he made his initial appearance before a United States Magistrate Judge.  On December 22, 2008, a detention hearing was held, and Petitioner Williams was detained.  *Id.*

On July 7, 2009, Petitioner Williams was sentenced to a two year term of imprisonment on his state charges. *Id.* On January 22, 2010, he was returned to New York state custody to begin serving his state sentence. *Id.* On December 9, 2010, Petitioner Williams was released from New York state custody and remanded to federal custody. *Id.* On March 24, 2011, he was sentenced in federal court to a 69-month term of imprisonment. *Id.*

The Federal Bureau of Prisons ("BOP") prepared a sentence computation for Petitioner Williams, based upon a 69-month term of confinement beginning March 24, 2011, the date his federal sentence was imposed, with the following prior custody credit: (1) May 28, 2008 through June 3, 2008; (2) June 23, 2008 through June 30, 2008; (3) December 13, 2008 through May 26, 2009; and (4) from December 10, 2010 through March 23, 2011. *Id.* Based on this calculation, Petitioner Williams' projected release date, with consideration for prior custody credit and good conduct time, is June 18, 2015 [Doc. 14-1, p.1-2].

Petitioner Williams filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking to "restore time credit that the federal Bureau of Prison refuse to give [him] due to their misinterpretation of jurisdictional custody . . . ." [Doc. 1]. To summarize, he alleges that the BOP has not accorded him fifteen (15) months credit for the time he was in the custody of the United States Marshal Service on a federal warrant for charges lodged against him in this Court. The time period at issue is from October 17, 2008 through January 22, 2009.

## II. <u>Procedural History</u>

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 to Restore Federal Custody Time Credit [Doc. 1] on March 30, 2012.  The petition was filed in the United States District Court for the Western District of New York.  Because Petitioner Williams is challenging the execution of his federal sentence rather than the imposition of the sentence, the District Court for the Western District of New York held that the proper venue for this petition is the district in which the Petitioner is confined.  Petitioner Williams is confined at F.C.I. Gilmer, which is located in Glenville, West Virginia.  Thus, the case was transferred to the Northern District of West Virginia on July 19, 2012.  On the same date, the Court sent the Petitioner a Notice of Deficient Pleading advising him that he must resubmit his petition and move for leave to proceed *in forma pauperis* on the Court's approved forms.  On August 6, 2012, the Petitioner paid the $5.00 filing fee [Doc. 9].  Also on that date, he submitted his petition on the court approved form [Doc. 10]. On August 23, 2012, Magistrate Judge Kaull made a preliminary review of the petition and determined that summary dismissal was not warranted.  Therefore, he issued an Order to Show Cause [Doc. 11].

On September 12, 2012, the Respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment and Response to Order to Show Cause [Doc. 13].  On September 17, 2012, Magistrate Judge Kaull issued a *Roseboro* Notice [Doc. 17], and on October 5, 2012, Petitioner Williams filed his response, styled as "Motion in Traverse to Prosecutor's Response" [Doc. 19].

On October 24, 2012, Magistrate Judge Kaull issued his R & R [Doc. 20].

4

Magistrate Judge Kaull recommended that this Court grant the Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 13], deny the Petitioner's Motion in Traverse [Doc. 19], and dismiss the Petitioner's § 2241 petition [Doc. 1] with prejudice.  Petitioner Williams accepted service of the R & R on October 28, 2012 [Doc. 21].  He filed his objections to the R & R on November 7, 2012 [Doc. 22].  Therefore, his objections are timely, and review of said objections is proper.

### III.  Standard of Review

#### A. Motion to Dismiss Pursuant to 12(b)(6)

For a complaint to survive an inquiry pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, a complaint must contain factual allegations sufficient to state a plausible claim for relief.  ***Ashcroft v. Iqbal***, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009); ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966 (2007).  Although the Court must accept factual allegations in a complaint as true, it need not accept the plaintiff's legal conclusions.  ***Francis v. Giacomelli***, 588 F.3d 186, 193 (4th Cir. 2009).  The complaint must have facial plausibility; thus, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Ashcroft***, 129 S. Ct. at 1949.  Thus, to meet the plausibility standard and survive dismissal for failure to state a claim, a complaint must offer more than "a sheer possibility that a defendant has acted unlawfully." ***Id.***

#### B. Summary Judgment

The United States Supreme Court and the Fourth Circuit Court of Appeals have

5

recognized that Rule 56 summary judgment motions are appropriate in habeas cases. *See Blackledge v. Allison*, 431 U.S. 63, 80, 97 S. Ct. 1621, 1632 (1977); *Maynard v. Dixon*, 943 F.2d 407, 411-13 (4th Cir. 1991).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); *see* FED. R. CIV. P. 56(a), (c).  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1355 (1986).  That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then present affidavits or other evidence demonstrating there is indeed a genuine issue for trial.  FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 323-25; *Anderson*, 477 U.S. at 248.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

## IV.  <u>Discussion</u>

Petitioner Williams filed multiple objections to the R & R.  First, the Petitioner objects to the magistrate judge's conclusion that he was "in state custody upon execution of a federal warrant by Buffalo Police Officers on October 17, 2008" [Doc. 22, p. 2]. Second, the Petitioner objects to the magistrate judge's conclusion that the date of the execution of the warrant was October 31, 2008.  *Id.*  Third, the Petitioner "objects to the [magistrate judge's] indirect conclusion that because other state charges incurred against the Petitioner as a result of the Buffalo Police Officer's execution of the federal warrant, validated state custody." *Id.* at 3.  The crux of the objections disputes the award of credit for time served. Petitioner focuses on who executed what warrant, but the focus of the Court's analysis hinges on whether credit for time served has been awarded against another sentence.

### A.    Commencement of Petitioner's Federal Sentence

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." **18 U.S.C. § 3585(a)**.  Here, Petitioner Williams was sentenced in federal court on March 24, 2011, to a 69 month term of imprisonment.   On the same date, Petitioner was received in custody awaiting transportation to the official detention facility at which his sentence was to be served.  Thus, Petitioner Williams' federal sentence commenced on March 24, 2011–not the date he was arrested pursuant to the execution of a federal warrant.

### B.    Calculation of Credit for Prior Custody

The Attorney General, not the district court, calculates the credit for time served.  In

7

calculating a defendant's credit:

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2)as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

**18 U.S.C. § 3585**.  The statute "authorizes credit only for time that 'has not been credited against another sentence.'" ***United States v. Wilson***, 503 U.S. 329, 333, 112 S. Ct. 1351, 1354 (1992).  Thus, 18 U.S.C. § 3585(b)'s mandate is clear: prior custody credit cannot be awarded if the prisoner has received credit towards another sentence.  *See **United States v. Johnson***, 464 Fed. Appx. 112, 115 (4th Cir. 2012) (affirming that defendant was not entitled to credit for time he served in state custody); ***United States v. Goulden***, 54 F.3d 774, *2 (4th Cir. 1995) (defendant not entitled to credit for time spent in custody because it had been credited against his state sentence); ***United States v. Brown***, 977 F.2d 574, *1 (4th Cir. 1992) (stating "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence").

As explained above, Petitioner Williams' federal sentence commenced on March 24, 2011.  The BOP awarded Petitioner prior custody credit toward his federal sentence during the following four periods: (1) May 28, 2008 to June 3, 2008; (2) June 23, 2008 to June 30, 2008; (3) December 13, 2008 to May 26, 2009; and (4) December 10, 2010 to March 23,

2011.  The calculation for Petitioner's credit for prior custody is proper because  none of the four time periods had been credited toward his state sentence.

However, Petitioner Williams may not receive credit for the entire period of October 17, 2008 to January 22, 2009 because part of that time period had already been credited towards his state sentence.  The Petitioner was awarded 310 days of credit for time served on his state sentence for the following periods: (1) October 17, 2008 to December 12, 2008; and (2) May 27, 2009 to February 3, 2010.  Thus, pursuant to the explicit provision of 18 U.S.C. § 3585(b), these time periods cannot also be credited towards his federal sentence.  As noted above, though, the Petitioner did receive credit for a portion of the period between October 17, 2008 to January 22, 2009 as the Petitioner received credit from December 13, 2008 to May 26, 2009.  The Court finds Petitioner Williams is not entitled to additional credit for time served under 18 U.S.C. § 3585(b).  Thus, the Court **OVERRULES** the Petitioner's Objections.

## V. <u>Conclusion</u>

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 20]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.  Further, the Petitioner's Objections **[Doc. 23]** are **OVERRULED**.  Accordingly, the Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 13] is **GRANTED**.  The Petitioner's Motion in Traverse is **DENIED** to the extent it can be read as seeking affirmative relief.  Finally, the Petitioner's § 2241 petition is **DENIED and DISMISSED WITH PREJUDICE.**  As such, the Court **DIRECTS** the Clerk to strike this case from its active docket.

9

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: December 5, 2012.

GINA M. GROH
UNITED STATES DISTRICT JUDGE

10